IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KOLOA RUM COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; and PETE R. FLORES, in his official capacity as Acting Commissioner of U.S. Customs and Border Protection,<br><br>　　　　Defendants. | Case No. 1:25-cv-00554-JEB |

**MATSON'S PROPOSED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Pursuant to Rules 7, 8, and 24(c) of the Federal Rule of Civil Procedure, intervenor defendant Matson Navigation Company, Inc. ("Matson"), by and through its undersigned counsel, hereby submits a proposed pleading that answers and asserts defenses to the claims and allegations made by plaintiff Koloa Rum Company ("Koloa Rum" or "Plaintiff") in the First Amended Complaint.

## RESPONSES TO INDIVIDUAL PARAGRAPHS

Numbered paragraphs below correspond to the like-numbered paragraphs in the Complaint. Except as expressly admitted, Matson denies the allegations in the First Amended Complaint, including without limitation the headings, subheadings, and footnotes contained within the Complaint.

## INTRODUCTION

1. Matson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and on that basis denies them.

2. Matson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and on that basis denies them.

3. Matson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and on that basis denies them.

4. Matson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and on that basis denies them.

5. To the extent the allegations in Paragraph 5 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 5.

6. To the extent the allegations in Paragraph 6 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson admits that Section 27 of the Merchant Marine Act of 1920 is colloquially known as the "Jones Act." Except as expressly admitted, Matson denies the allegations in Paragraph 6.

7. To the extent the allegations in Paragraph 7 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson admits that the Jones Act was adopted before Hawaii was admitted as a state. Except as expressly admitted, Matson denies the allegations in Paragraph 7.

8. To the extent the allegations in Paragraph 8 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 8.

9. To the extent the allegations in Paragraph 9 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 9.

10. To the extent the allegations in Paragraph 10 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 10.

## JURISDICTION AND VENUE

11. To the extent the allegations in Paragraph 11 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson admits that Koloa Rum purports to plead its action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201–2202.

12. To the extent the allegations in Paragraph 12 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson admits that Koloa Rum purports to plead venue pursuant to 28 U.S.C. § 1391(e), and that venue is proper in this judicial district.

## PARTIES

### Plaintiff

13. Matson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and on that basis denies them.

### Defendants

14. To the extent the allegations in Paragraph 14 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson admits the allegations in Paragraph 14.

15. To the extent the allegations in Paragraph 15 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson admits the allegations in Paragraph 15.

16. To the extent the allegations in Paragraph 16 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson admits that the Commissioner of U.S. Customs and Border Protection is responsible for enforcing the Jones Act. Except as expressly admitted, Matson denies the allegations in Paragraph 16.

17. To the extent the allegations in Paragraph 17 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson admits the allegations in Paragraph 17.

## **FACTUAL ALLEGATIONS**

### The Jones Act

18. Matson admits that Section 27 of the Merchant Marine Act of 1920 is colloquially known as the "Jones Act." Except as expressly admitted, Matson denies the allegations in Paragraph 18.

19. To the extent the allegations in Paragraph 19 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 19.

*Purpose of the Jones Act*

20. Matson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and on that basis denies them.

21. Matson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and on that basis denies them.

22. Matson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and on that basis denies them.

23. Matson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and on that basis denies them.

24. To the extent the allegations in Paragraph 24 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson admits the allegations in Paragraph 24.

25. To the extent the allegations in Paragraph 25 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 25.

*The Discriminatory Nationwide Effect of the Jones Act*

26. Matson admits that Jones Act-compliant ships can be more expensive to build than foreign-built ships. Except as expressly admitted, Matson denies the allegations in Paragraph 26.

27. Matson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and on that basis denies them.

28. To the extent the allegations in Paragraph 28 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 28.

29. To the extent the allegations in Paragraph 29 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 29.

30. To the extent the allegations in Paragraph 30 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 30.

31. To the extent the allegations in Paragraph 31 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 31.

32. To the extent the allegations in Paragraph 32 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 32.

33. To the extent the allegations in Paragraph 33 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 33.

34. To the extent the allegations in Paragraph 34 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 34.

35. To the extent the allegations in Paragraph 35 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 35.

36. To the extent the allegations in Paragraph 36 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 36.

37. Matson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and on that basis denies them.

38. To the extent the allegations in Paragraph 38 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 38.

39. Matson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and on that basis denies them.

*The Jones Act's Discriminatory Effect on Hawaiʻi*

40. Matson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and on that basis denies them.

41. To the extent the allegations in Paragraph 41 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 41.

42. Matson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and on that basis denies them.

43. Matson denies the allegations in Paragraph 43.

44. Matson denies the allegations in Paragraph 44.

45. Matson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and on that basis denies them.

46. Matson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and on that basis denies them.

47. To the extent the allegations in Paragraph 47 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 47.

48. Matson denies the allegations in Paragraph 48.

49. To the extent the allegations in Paragraph 49 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 49.

50. To the extent the allegations in Paragraph 50 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 50.

51. To the extent the allegations in Paragraph 51 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 51.

*The Effect of the Jones Act on Kōloa Rum Company*

52. Matson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and on that basis denies them.

53. Matson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and on that basis denies them.

54. To the extent the allegations in Paragraph 54 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 54.

55. To the extent the allegations in Paragraph 55 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 55.

56. Matson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and on that basis denies them.

57. Matson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and on that basis denies them.

58. Matson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and on that basis denies them.

59. Matson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and on that basis denies them.

60. To the extent the allegations in Paragraph 60 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 60.

61. Matson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and on that basis denies them.

62. To the extent the allegations in Paragraph 62 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 62.

63. To the extent the allegations in Paragraph 63 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 63.

64. To the extent the allegations in Paragraph 64 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 64.

65. To the extent the allegations in Paragraph 65 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 65.

66. To the extent the allegations in Paragraph 66 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 66.

67. To the extent the allegations in Paragraph 67 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 67.

68. To the extent the allegations in Paragraph 68 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 68.

## FIRST CAUSE OF ACTION

### Violation of the Port Preference Clause (U.S. Const. art. I, § 9, cl. 6)

69. Matson reasserts and hereby incorporates by reference its responses to each Paragraph of Koloa Rum's First Amended Complaint, as though fully set forth herein.

70. To the extent the allegations in Paragraph 70 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, the Port Preference Clause speaks for itself and is the best evidence of its contents.

71. To the extent the allegations in Paragraph 71 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 71.

72. To the extent the allegations in Paragraph 72 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 72.

73. To the extent the allegations in Paragraph 73 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 73.

74. To the extent the allegations in Paragraph 74 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 74.

75. To the extent the allegations in Paragraph 75 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 75.

76. To the extent the allegations in Paragraph 76 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 76.

77. To the extent the allegations in Paragraph 77 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 77.

78. To the extent the allegations in Paragraph 78 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 78.

79. To the extent the allegations in Paragraph 79 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson admits that Paragraph 79 sets forth the relief that Koloa Rum purports to seek. Matson denies that Koloa Rum is entitled to any such relief and denies the remaining allegations in Paragraph 79.

## SECOND CAUSE OF ACTION

### Violation of the Due Process of Law Clause (U.S. Const. Amend. V)

80. Matson reasserts and hereby incorporates by reference its responses to each Paragraph of Koloa Rum's First Amended Complaint, as though fully set forth herein.

81. To the extent the allegations in Paragraph 81 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, the Due Process Clause speaks for itself and is the best evidence of its contents.

82. To the extent the allegations in Paragraph 82 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 82.

83. To the extent the allegations in Paragraph 83 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 83.

84. To the extent the allegations in Paragraph 84 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 84.

85. To the extent the allegations in Paragraph 85 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 85.

86. To the extent the allegations in Paragraph 86 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies the allegations in Paragraph 86.

## PRAYER FOR RELIEF

Paragraphs A through C characterize Plaintiff's prayer for relief, to which no responsive pleading is required. Insofar as any responsive pleading is required, Matson denies that Koloa Rum is entitled to any such relief.

## MATSON'S DEFENSES

Matson has not knowingly and intentionally waived any applicable defenses and reserves the right to amend this Answer to assert defenses as they become known to it, including based

upon legal theories that may be or will be divulged through clarification of Plaintiff's First Amended Complaint, through discovery, or through further legal analysis of Plaintiff's position in this litigation.

Dated: April 11, 2025  Respectfully submitted,

/s/ *Miguel A. Estrada*
Miguel A. Estrada (DC Bar No. 456289)
Lucas C. Townsend (DC Bar No. 1000024)
Amalia Reiss (DC Bar No. 241775)
Eric Brooks* (DC Bar No. 1660507)
Noah J. Delwiche* (DC Bar No. 90027464)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
(202) 955-8500
MEstrada@gibsondunn.com
LTownsend@gibsondunn.com
AReiss@gibsondunn.com
EBrooks2@gibsondunn.com
NDelwiche@gibsondunn.com

*Application for admission pending.

Rachel S. Brass (*pro hac vice* forthcoming)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
(415) 393-8200
RBrass@gibsondunn.com

*Counsel for Proposed Intervenor*
*Matson Navigation Company, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 11, 2025, I caused a copy of the foregoing document to be served on all parties through the Court's CM/ECF system.

                                                /s/ *Miguel A. Estrada*
                                                Miguel A. Estrada (DC Bar No. 456289)