IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KŌLOA RUM COMPANY,<br><br>    *Plaintiff,*<br><br>  v.<br><br>KRISTI NOEM, *et al.*,<br><br>    *Defendants*. | Case No. 1:25-cv-00554-JEB |

**DEFENDANTS' RESPONSE TO MATSON'S MOTION TO INTERVENE**

**INTRODUCTION**

  This case is a constitutional challenge to a provision of the Jones Act, a longstanding federal statute governing shipping within the United States. The provision that Plaintiff challenges requires maritime transportation within the United States to use ships meeting certain requirements, including that the ship be "wholly owned by citizens of the United States for purposes of engaging in the coastwise trade." 46 U.S.C. § 55102(b)(1). Defendants in the case, the Department of Homeland Security and U.S. Customs and Border Protection, intend to vigorously defend the Jones Act from Plaintiff's suit.

  Matson Navigation Company has moved to intervene in the case in support of Defendants, *see* Notice of Motion of Navigation Company, Inc., to Intervene in Support of Defendants, ECF No. 15 (Apr. 11, 2025), and Defendants oppose the motion for the reasons given below. The Court should deny Matson's motion to intervene, but Defendants welcome Matson's participation as an amicus.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 24(a)(2), a movant has a right to intervene when: (1) the motion is timely; (2) the movant "claims an interest relating to the property or transaction which is the subject of the action"; (3) the movant "is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest"; and (4) "existing parties [ do not] adequately represent" the movant's interest.  Under Rule 24(b), a court may grant permissive intervention if a party "has a claim or defense that shares with the main action a common question of law or fact."

**ARGUMENT**

Matson seeks to intervene both as of right under Federal Rule of Civil Procedure 24(a)(2) and permissively under Rule 24(b).  The Court should deny Matson's motion to intervene under both provisions.

**I.      Matson does not have a right to intervene under Rule 24(a)(2) because it has not demonstrated that Defendants will inadequately represent its interests in this case.**

A "presumption of adequate representation exists if both the intervenor and existing party have the same ultimate objective." *HRH Servs. LLC v. Travelers Indem. Co.*, No. 23-cv-02300, 2024 WL 4699925, at *9 (D.D.C. Nov. 6, 2024); *see also Cobell v. Jewell*, No. 96-cv-01285, 2016 WL 10704595, at *2 (D.D.C. Mar. 30, 2016) (same); *Telligent Masonry, LLC v. Cont'l Cas. Co.*, No. 19-cv-1078, 2019 WL 13255497, at *2 (D.D.C. July 3, 2019) (same) (citing *Bruch v. Griffith Energy Servs., Inc.*, No. 11-cv-983, 2014 WL 12799159, at *4 (D.D.C. Mar. 24, 2014)); *see also Env't Def. Fund, Inc. v. Higginson*, 631 F.2d 738, 740 (D.C. Cir. 1979) ("[T]o intervene in a suit in district court in which a state is already a party, a citizen or subdivision of that state must overcome this presumption of adequate representation."); *Arakaki v. Cayetano*, 324 F.3d 1078,

1086 (9th Cir. 2003), *as amended* (May 13, 2003).  This presumption can be rebutted only with "special circumstances that make the representation inadequate, such as adversity of interest, collusion, or nonfeasance."  *HRH Servs. LLC*, 2024 WL 4699925, at *9.

So while the D.C. Circuit has stated that "the burden of making th[e] showing" of inadequate representation "should be treated as minimal," *Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003), "the fact that the government is a party makes it more difficult for movants for intervention in this Circuit to meet that minimal burden," *Sweet Home Chapter of Communities For a Great Oregon v. Lujan*, No. 91-cv-1468, 1991 WL 277331, at *3 (D.D.C. Dec. 10, 1991).  Here, Matson cannot meet its burden to show that Defendants inadequately represent Matson's interests.

   **A.  Defendants adequately represent Matson's interests.**

In Matson's own words, the company "has a strong interest in intervening to defend the Jones Act."  Memorandum in Support of Motion of Matson Navigation Company, Inc, to Intervene in in Support of Defendants (Memo) at 2, ECF No. 15-1 (Apr. 11, 2025).  That is precisely the government's interest here: defending the constitutionality of the federal statute that Plaintiff challenges.  Matson and Defendants thus share the same "ultimate objective" and Defendants are presumed to adequately represent Matson.  *HRH Servs. LLC*, 2024 WL 4699925, at *9.

More broadly, the precise situation here—a putative intervenor trying to intervene to defend a statute that the government already intends to defend—is a textbook case of adequate representation.  After all, "when a statute comes under attack, it is difficult to conceive of an entity better situated to defend it than the government."  *Stuart v. Huff*, 706 F.3d 345, 351 (4th Cir. 2013); *see also Daggett v. Comm'n on Governmental Ethics & Election Pracs.*, 172 F.3d 104, 111 (1st Cir. 1999) (holding that "the government in defending the validity of the statute is presumed to be

representing adequately the interests of all citizens who support the statute"). Courts routinely deny intervention in this situation. *See e.g.*, *Stuart*, 706 F.3d at 352 (denying intervention where "[b]oth the government agency and the would-be intervenors want[ed] the statute to be constitutionally sustained"); *Wisconsin Educ. Ass'n Council v. Walker*, 705 F.3d 640, 659 (7th Cir. 2013) (denying intervention as of right where "the [putative intervenor] and the state share[d] the same goal: protecting Act 10 against the Unions' constitutional challenge"); *Freedom from Religion Found., Inc. v. Geithner*, 262 F.R.D. 527, 532 (E.D. Cal. 2009) (denying intervention as of right because "[t]he proposed intervenor/defendant and the government here share the same interest and ultimate objective: upholding the constitutionality of the ministerial housing tax exemptions").

**B. The reasons Matson offers for why Defendants' representation may be inadequate are unpersuasive.**

Matson provides several reasons why it believes Defendants' representation here may be inadequate. As an initial matter, none of its reasons constitute "special circumstances" that can rebut the presumption of adequate representation: Matson has not claimed any "adversity of interest, collusion, or nonfeasance." *HRH Servs. LLC*, 2024 WL 4699925, at *9.

But even taking on their own terms Matson's reasons for believing that Defendants' representation may be inadequate, the reasons are unpersuasive.

*First*, Matson asserts that Defendants' and Matson's interests are not "identical." Memo at 9. Matson is correct that Defendants are federal agencies whereas "Matson is a private coastwise carrier." Memo at 9. And Matson may in fact "rel[y] on and benefit[] directly from" the Jones Act whereas Defendants are "charged by law with representing the public interest of [United States] citizens." *Dimond v. D.C.*, 792 F.2d 179, 192 (D.C. Cir. 1986). But Matson never explains

4

how Defendants and Matson being different *entities* or having different *motivations* causes them to have different *litigation interests*.

Indeed, Matson's stated "interest in . . . defend[ing] the Jones Act," Memo at 2, is identical to Defendants' own interest in this case. By all appearances, Matson and Defendants both intend to vigorously defend the constitutionality of the Jones Act. And were anything more required—were *identicality* of interests the relevant standard—then the government would *always* be an inadequate representative in a suit challenging a statute because the interests of the government are always broader than the interests of a private entity. This is not the law, as demonstrated by the many cases that have found government defendants to be adequate representatives in challenges to that government's laws. *See, e.g.*, *Walker*, 705 F.3d at 659; *Freedom from Religion Found.*, 262 F.R.D. at 532.

*Second*, Matson suggests that its perspective as a shipping company would be a "vigorous and helpful" addition to Defendants' defense of the Jones Act because Matson is "best positioned" to make certain arguments in the Jones Act's defense. Memo. at 11 (quoting *Fund for Animals*, 322 F.3d at 736 n.9). But this argument, like Matson's others, does not explain why Defendants cannot adequately represent Matson's interest. More, this argument focuses on the substance of Matson's arguments rather than Matson's interest in making those arguments. The argument thus conflates representation's *adequacy* with representation's *quality*. Adequate representation depends on whether the interests of a putative intervenor and of the defendant "overlap" or "diverge." *Fund For Animals*, 322 F.3d at 736. A defendant does not inadequately represent an intervenor's interests where the two parties share the same interest but the intervenor simply believes it can do a better job than the defendant can.

*Third*, Matson speculates that Defendants might decide not to appeal this case if they lose in the district court. *See* Memo. at 11. But this risk exists in every case involving the federal government so this argument, if accepted, would render a federal defendant's representation inadequate every single time. Such a rule would flout the Federal Rules of Civil Procedure and contradict the cases that have found federal defendants to be adequate representatives in challenges to federal laws. *See, e.g.*, *Freedom from Religion Found.*, 262 F.R.D. at 532.

A review of several cases in which courts in this Circuit have permitted private entities to intervene in suits against government defendants further demonstrates why Matson has no right to intervene here.

In *Fund for Animals*, an agency of the nation of Mongolia was permitted to intervene in a lawsuit concerning whether the U.S. Fish and Wildlife Service should list as endangered the Mongolian argali sheep. *See* 322 F.3d at 730. Similarly, in *Hardin v. Jackson* this Court granted intervention (and indeed, the federal defendants did not even oppose intervention) in a case challenging the federal registration of the intervenor's products. 600 F. Supp. 2d 13, 15, 16 (D.D.C. 2009). These outcomes make sense. A federal regulator's interest in reaching and defending a regulatory decision is plainly distinct from the narrower interests that other parties may have in that regulatory decision. In *Fund for Animals*, for instance, the Fish and Wildlife Service had an "obligation . . . to represent the interests of the American people" in its decision whether to list the argali sheep as endangered, "while the NRD's concern [wa]s for Mongolia's people and natural resources." 322 F.3d at 736. That discrepancy could plainly lead the Fish and Wildlife Service's regulatory decision about whether to list the sheep as endangered to differ from the decision that Mongolia might prefer. Similarly in *Hardin*, the federal regulator's interest in

determining whether regulated products were properly registered and, if so, defending that registration, could differ from the product manufacturer's "economic and proprietary interests" in keeping its products registered no matter what. *See* 600 F. Supp. 2d at 16. In this case, of course, Defendants are not making a regulatory decision in which Matson claims a narrower interest than Defendants' own. Defendants are simply defending the constitutionality of the same statute that Matson likewise seeks to defend.

Finally, in *Dimond v. D.C.* the D.C. Circuit permitted a private party to intervene in a case challenging a particular provision of D.C. law. *See* 792 F.2d at 194. Like this case, and unlike *Fund for Animals* and *Hardin*, *Dimond* at least involved a legal challenge to a statute. But in *Dimond*, the D.C. government's interest lay in defending the constitutionality of the at-issue provision while the intervenor was concerned with the "severability" of that provision and "the retroactive application of any decision." *Id.* at 193. Matson has articulated no comparable difference in interest with Defendants here. Matson "has a strong interest in . . . defend[ing] the Jones Act" from Plaintiff's constitutional challenges. Memo at 2. So do Defendants.

## II.    The Court should exercise its discretion to deny permissive intervention under Rule 24(b)(1)(B).

When evaluating a request for permissive intervention, "the Court must 'consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.'" *Aristotle Int'l, Inc. v. NGP Software, Inc.*, 714 F. Supp. 2d 1, 18 (D.D.C. 2010) (quoting Fed. R. Civ. P. 24(b)(3)).

Here, the Court should deny permissive intervention because Matson's participation threatens to unduly delay and complicate proceedings. This case turns on issues of law: whether the Jones Act violates the Port Preference Clause of the Constitution or the Due Process Clause of

7

the Fifth Amendment. Yet Matson appears to want to "develop evidence about shipping routes to Hawaii and throughout the Pacific, geographic considerations, the effects of foreign laws, tariffs, and actions by international carriers, and other factors that contribute to the costs of goods and the availability of shipping options in Hawaii." Memo. at 11. Permitting Matson to intervene and take this expansive approach to the case would needlessly complicate matters for the existing parties and could turn this matter into a much more complex undertaking than is necessary to resolve this suit.

### III.    Defendants would welcome Matson's participation as an amicus.

As Defendants have argued above, Matson's motion to intervene should be denied. Still, Defendants welcome Matson's participation in this case as an amicus. If Matson is "best positioned" to make certain arguments in the Jones Act's defense, Memo. at 11, the Court can still benefit from those arguments if Matson participates as an amicus.

Matson suggests that amicus participation would be "inadequate" because Defendants need not "adopt Matson's views in litigation." Memo. at 10. Of course, the federal government is never obligated to adopt the legal views of a private party, even a private party with an interest in a case against the federal government. But this truism does not prevent many companies and organizations from providing helpful amicus contributions to the Court in other matters. And as noted above, Matson has never given any concrete explanation for how it thinks its interests may differ from Defendants' in this case.

### CONCLUSION

Defendants thus request that the Court deny Matson's motion to intervene under Federal Rules of Civil Procedure 24(a)(2) and (b)(1)(B).

Dated:  May 13, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

JOSEPH E. BORSON
Assistant Branch Director

*/s/ Robert W. Meyer*
ROBERT W. MEYER
Trial Attorney (NY Bar No. 5942842)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.:    (202) 305-0872
Email:  Robert.W.Meyer@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2025, I caused a copy of the foregoing document to be served on all parties through the Court's CM/ECF system.

/s/ *Robert W. Meyer*
Robert W. Meyer