IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KŌLOA RUM COMPANY,<br><br>         Plaintiff,<br><br> v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; and PETE R. FLORES, in his official capacity as Acting Commissioner of U.S. Customs and Border Protection,<br><br>         Defendants. | Case No. 1:25-cv-00554-JEB<br><br>Hon. James E. Boasberg |

**AMERICAN MARITIME PARTNERSHIP AND
MARITIME TRADES DEPARTMENT OF THE AFL-CIO'S PROPOSED ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

In accordance with Fed. R. Civ. P. 24(c), proposed intervenor defendants American Maritime Partnership ("AMP") and Maritime Trades Department of the AFL-CIO ("MTD") (collectively, "Joint Intervenors"), by and through their undersigned counsel, submit this proposed pleading that answers and asserts defenses to the claims and allegations made by plaintiff Koloa Rum Company ("Koloa Rum" or "Plaintiff") in the First Amended Complaint ("Complaint"). The numbered paragraphs below correspond to those in Plaintiff's Complaint. Any allegations not expressly admitted herein are denied.

  1.  Joint Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and deny the allegations on that basis.

  2.  Joint Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and deny the allegations on that basis.

  3.  Joint Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and deny the allegations on that basis.

4. Joint Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and deny the allegations on that basis.

5. To the extent the allegations in Paragraph 5 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 5.

6. Joint Intervenors admit that the Merchant Marine Act of 1920 or a portion thereof is colloquially known as the "Jones Act." Joint Intervenors deny the remaining allegations in Paragraph 6.

7. Joint Intervenors admit that the Jones Act was adopted before Hawaii was admitted as a state. To the extent the remaining allegations in Paragraph 7 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the remaining allegations in Paragraph 7.

8. Proposed Intervenors deny the allegations in the first and third sentences of Paragraph 8. To the extent the allegations in the second sentence of Paragraph 8 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the remaining allegations in Paragraph 8.

9. To the extent the allegations in Paragraph 9 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 9.

10. To the extent the allegations in Paragraph 10 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 10.

11. To the extent the allegations in Paragraph 11 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors admit that Koloa Rum purports to bring this action pursuant to 28 U.S.C. §§ 1331 and 2201–2202.

12. To the extent the allegations in Paragraph 12 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors admit that venue is proper in this judicial district.

13. Joint Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and deny the allegations on that basis.

14. To the extent the allegations in Paragraph 14 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 14.

15. To the extent the allegations in Paragraph 15 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 15.

16. Joint Intervenors admit that the Commissioner of U.S. Customs and Border Protection is responsible for enforcing the Jones Act. Joint Intervenors deny the remaining allegations in Paragraph 16.

17. To the extent the allegations in Paragraph 17 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors admit that Plaintiff purports to sue the Defendants in their official capacities.

18. Joint Intervenors admit that the Merchant Marine Act of 1920 or a portion thereof is colloquially known as the "Jones Act." To the extent the allegations in Paragraph 18 are legal

conclusions and characterizations, no response is required. To the extent a response is required, Joint Intervenors deny the remaining allegations in Paragraph 18.

19. To the extent the allegations in Paragraph 19 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 19.

20. Joint Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and deny the allegations on that basis.

21. Joint Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and deny the allegations on that basis.

22. Joint Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and deny the allegations on that basis.

23. Joint Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and deny the allegations on that basis.

24. To the extent the allegations in Paragraph 24 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors admit the allegations in Paragraph 24.

25. To the extent the allegations in Paragraph 25 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 25.

26. Joint Intervenors admit that Jones Act-compliant ships can be more expensive to build than foreign-built ships. Except as expressly admitted, Joint Intervenors deny the allegations in Paragraph 26.

27. Joint Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and deny the allegations on that basis.

28. To the extent the allegations in Paragraph 28 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 28.

29. To the extent the allegations in Paragraph 29 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 29.

30. To the extent the allegations in Paragraph 30 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 30.

31. To the extent the allegations in Paragraph 31 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 31.

32. To the extent the allegations in Paragraph 32 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 32.

33. To the extent the allegations in Paragraph 33 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 33.

34. To the extent the allegations in Paragraph 34 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 34.

35. Joint Intervenors deny the allegations in Paragraph 35.

36. To the extent the allegations in Paragraph 36 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 36.

37. Joint Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and deny the allegations on that basis.

38. To the extent the allegations in Paragraph 38 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 38.

39. Joint Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and deny the allegations on that basis.

40. Joint Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and deny the allegations on that basis.

41. To the extent the allegations in Paragraph 41 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 41.

42. Joint Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and deny the allegations on that basis.

43. Joint Intervenors deny the allegations in Paragraph 43.

44. Joint Intervenors deny the allegations in Paragraph 44.

45. Joint Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and deny the allegations on that basis.

46. Joint Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and deny the allegations on that basis.

47. To the extent the allegations in Paragraph 47 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 47.

48. Joint Intervenors deny the allegations in Paragraph 48.

49. To the extent the allegations in Paragraph 49 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 49.

50. To the extent the allegations in Paragraph 50 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 50.

51. To the extent the allegations in Paragraph 51 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 51.

52. Joint Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and deny the allegations on that basis.

53. Joint Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and deny the allegations on that basis.

54. Joint Intervenors deny the allegations in Paragraph 54.

55. To the extent the allegations in Paragraph 55 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 55.

56. Joint Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and deny the allegations on that basis.

57. Joint Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and deny the allegations on that basis.

58. Joint Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and deny the allegations on that basis.

59. Joint Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and deny the allegations on that basis.

60. To the extent the allegations in Paragraph 60 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 60.

61. Joint Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and deny the allegations on that basis.

62. To the extent the allegations in Paragraph 62 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 62.

63. To the extent the allegations in Paragraph 63 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 63.

64. To the extent the allegations in Paragraph 64 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 64.

65. To the extent the allegations in Paragraph 65 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 65.

66. To the extent the allegations in Paragraph 66 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 66.

67. To the extent the allegations in Paragraph 67 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 67.

68. To the extent the allegations in Paragraph 68 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 68.

**FIRST CAUSE OF ACTION**

69. Joint Intervenors reassert and hereby incorporate by reference its responses to each Paragraph of Koloa Rum's First Amended Complaint, as though fully set forth herein.

70. To the extent the allegations in Paragraph 70 are legal conclusions and characterizations, no response is required. Insofar as any response is required, the Port Preference Clause speaks for itself and is the best evidence of its contents.

71. To the extent the allegations in Paragraph 71 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 71.

72. To the extent the allegations in Paragraph 72 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 72.

73. To the extent the allegations in Paragraph 73 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 73.

74. To the extent the allegations in Paragraph 74 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 74.

75. To the extent the allegations in Paragraph 75 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 75.

76. To the extent the allegations in Paragraph 76 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 76.

77. To the extent the allegations in Paragraph 77 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 77.

78. To the extent the allegations in Paragraph 78 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 78.

79. To the extent the allegations in Paragraph 79 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors

admit that Paragraph 79 sets forth the relief that Koloa Rum purports to seek. Joint Intervenors deny that Koloa Rum is entitled to any such relief and deny the remaining allegations in Paragraph 79.

## SECOND CAUSE OF ACTION

80. Joint Intervenors reassert and hereby incorporate by reference its responses to each Paragraph of Koloa Rum's First Amended Complaint, as though fully set forth herein.

81. To the extent the allegations in Paragraph 81 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 81.

82. To the extent the allegations in Paragraph 82 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 82.

83. To the extent the allegations in Paragraph 83 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 83.

84. To the extent the allegations in Paragraph 84 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 84.

85. To the extent the allegations in Paragraph 85 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 85.

86. To the extent the allegations in Paragraph 86 are legal conclusions and characterizations, no response is required. Insofar as any response is required, Joint Intervenors deny the allegations in Paragraph 86.

## PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint consists of Plaintiff's Prayer for Relief, to which no response is necessary. To the extent that a response is required, Joint Intervenors deny that Plaintiff is entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Joint Intervenors deny each and every allegation, whether express or implied, in Plaintiff's Amended Complaint, to the extent not specifically herein admitted, denied, controverted, or qualified. To the extent any allegation in Plaintiff's Complaint remains unanswered, Joint Intervenors deny such allegations.

## DEFENSES

Joint Intervenors have not knowingly waived any applicable defenses and reserve the right to amend this Answer to assert defenses as they become known to them during this litigation.

Dated: May 22, 2025

Respectfully submitted,

K&L GATES LLP

By: _s/ J. Timothy Hobbs_
J. Timothy Hobbs (DC Bar No. 976470)
Tim.Hobbs@klgates.com
501 Commerce Street, Suite 1500
Nashville, TN 37203
Telephone: (615) 514-1811
Facsimile: (206) 623-7022

Varu Chilakamarri (DC Bar No. 90023656)
Varu.Chilakamarri@klgates.com
1601 K Street NW
Washington, DC 20006
Telephone: (202) 778-9165
Facsimile: (202) 778-9100

*Attorneys for American Maritime Partnership and Maritime Trades Department of the AFL-CIO*