UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KŌLOA RUM COMPANY,

Plaintiff,

v.

KRISTI NOEM, *et al.*,

Defendants.

Civil Action No. 25-554 (JEB)

ORDER

Plaintiff Kōloa Rum Company has brought this action against the Secretary of Homeland Security and the Acting Commissioner of U.S. Customs and Border Protection. See ECF No. 13 (Am. Compl.). Kōloa contends that the Merchant Marine Act of 1920, colloquially known as the Jones Act, violates the Port Preference Clause of the Constitution, which forbids Congress from enacting laws that favor certain ports over others. Id., ¶¶ 70–79 (citing U.S. Const. art. I, § 9, cl. 6). Because the Jones Act "requires that any transport between United States ports must be undertaken by vessels that are owned, built, and crewed by U.S. citizens," id., ¶ 19 (citing 46 U.S.C. § 55102(b)), Kōloa believes that the statute discriminates against Hawaiian ports in favor of those on the mainland, thereby driving up its shipping costs. Id., ¶¶ 71–78. Plaintiff also argues that the Act "deprives Kōloa Rum Company of its right to earn a living without due process of law" and therefore violates the Fifth Amendment. Id., ¶¶ 80–86. The company requests "declaratory and injunctive relief to prevent Defendants from enforcing the Jones Act's restrictions as applied to interstate commerce between Hawaiʻi and the mainland United States." Id., ¶ 79.

1

Seeking to add ballast, the American Maritime Partnership (AMP) and the Maritime Trades Department (MTD) of the AFL-CIO have jointly moved to intervene in support of Defendants, see ECF No. 31 (AMP & MTD Mot.), as has Matson Navigation Company.  See ECF No. 15 (Matson Mot.).  AMP and MTD "represent all facets of the American maritime industry."  AMP & MTD Mot. at 1.  "AMP represents companies that build, own, and operate U.S.-flag vessels that comply with Jones Act requirements," and "MTD represents the individuals who crew and labor aboard those vessels as well as shipyard workers who labor in U.S. shipyards."  Id.  Matson, for its part, "is the leading Jones Act carrier in the United States."  Matson Mot. at 1.

Movants seek to join the Government in defending the Jones Act in order to protect their financial interests in participating in trade between the mainland and Hawaiʻi, free from the threat of foreign competition.  See AMP & MTD Mot. at 8–12; Matson Mot. at 6–8.  Plaintiff and Defendants oppose both Motions.  See ECF Nos. 27 (Pl. Opp. to Matson); 29 (Defs. Opp. to Matson); 33 (Pl. Opp. to AMP & MTD); 34 (Defs. Opp. to AMP & MTD).  The Court will grant the Motions and permit intervention.

**I.    Legal Standard**

Federal Rule of Civil Procedure 24(a) addresses intervention as of right, and Rule 24(b) covers permissive intervention.  Rule 24(a)(2) requires courts to permit anyone to intervene who "claims an interest relating to the . . . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Put another way, "a party seeking to intervene as of right must satisfy four requirements: 1) the application to intervene must be timely, 2) the party must have an interest relating to the property

or transaction which is the subject of the action, 3) the party must be so situated that the disposition of the action may, as a practical matter, impair or impede the party's ability to protect that interest, and 4) the party's interest must not be adequately represented by existing parties to the action." Building and Const. Trades Dep't, AFL-CIO v. Reich, 40 F.3d 1275, 1282 (D.C. Cir. 1994) (citation omitted).

Rule 24(b), conversely, allows courts to grant intervention where the intervenor makes a timely motion and "has a claim or defense that shares with the main action a common question of law or fact." "In order to litigate a claim on the merits under Rule 24(b)(2), the putative intervenor must ordinarily present: (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." EEOC v. Nat'l Child.'s Ctr., Inc., 146 F.3d 1042, 1046 (D.C. Cir. 1998) (citation omitted). The court also "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

## II.  Analysis

Although Movants may be able to intervene here as a matter of right, the Court need not so decide because it will grant them permissive intervention.

The Rule 24(b)(2) factors favor such a result. First, Movants' inclusion would not present a subject-matter-jurisdiction problem because they do not ask the Court "to adjudicate an additional claim on the merits." Nat'l Child.'s Ctr., 146 F.3d at 105; Va. House of Delegates v. Bethune-Hill, 587 U.S. 658, 663 (2019) (where intervenor participates in support of defendants, that role does not "entail[] invoking a court's jurisdiction"). Movants seek only to "argue that the Jones Act comports with the Constitution," AMP & MTD Mot. at 21; Matson Mot. at 5 (same), which is the sole issue raised by Plaintiff. See Am. Compl., ¶¶ 69–86. Second, Movants were

timely, having moved to intervene within two months after Plaintiff filed its Amended Complaint and before any adjudication of the issues has begun. See Matson Mot. (11 days later); AMP & MTD Mot. (52 days later). Defendants do not dispute that conclusion, and Kōloa concedes as much. See Pl. Opp. to Matson at 4; Pl. Opp. to AMP & MTD at 4. Nor do Plaintiff and the Government contest that Movants' defense shares common questions of law and fact with the main action. Given that the putative Intervenors' defense of the Jones Act is closely bound up with Defendants' positions, that reticence is wise.

Kōloa and the Government maintain only that Movants' intervention will unduly delay the case and expand the record. They fear "entirely duplicative briefing, the introduction of additional, largely irrelevant factual assertions, and likely an unjustified expansion of discovery that would burden Plaintiff without any benefit to the parties or the Court." Pl. Opp. to Matson at 16; see also Defs. Opp. to Matson at 7–8; Pl. Opp. to AMP & MTD at 16–17; Defs. Opp. to AMP & MTD at 9–10. Regarding concerns about delay, Movants will be obligated to comply with the same deadlines as the current parties and thus will not hamper the efficient resolution of the issues. As for duplication, AMP and MTD have already declared their commitment to avoiding redundant briefing, see AMP & MTD Mot. at 18, and the Court expects Matson to do the same. Last, Plaintiff and Defendants' concern about "transform[ing] this case into a discovery-intensive proceeding," Defs. Opp. to AMP & MTD at 10; see also Pl. Opp. to Matson at 16, is premature. In the event that Movants subsequently seek to introduce immaterial factual details or otherwise improperly expand the scope of the case, Kōloa and the Government may raise this issue before the Court again.

The Court accordingly ORDERS that:

1. Matson's [15] Motion to Intervene is GRANTED;

4

5

2. AMP and MTD's [31] Motion to Intervene is GRANTED; and

3. Intervenors shall comply with the same deadlines and Court Orders as Defendants.

/s/ *James E. Boasberg*  
JAMES E. BOASBERG  
Chief Judge

Date: June 30, 2025